No. 456

CLEVELAND RY. CO. v. ADORNETTO

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7576.  Decided May 2, 1927

683.  JURY—Statement that street car started with a "sudden and violent jerk" in describing the result following such a jerk are elements to go to the jury.

First Publication of this Opinion

VICKERY, J.

Grazia Adornetto brought her action in the Cuyahoga Common Pleas against the Cleveland Railway Co. to recover damages resulting to her while a passenger upon a street car of the Company by reason of a sudden and violent jerk which threw her to the floor in a street car. The jury returned a verdict for Adornetto and judgment was entered thereon.

Error was prosecuted and it was contended that the motion for a directed verdict should have been granted; that the petition did not sae a cause of action in that a conclusion was simply stated by alleging "that the car started with a sudden and violent jerk"; and that there would be no liability, inasmuch as the car could not be brought to a standing position from one of motion without more or less of a jerk. The Court of Appeals held:

1. The decision in the case of Ry. Company v. Hunt, (5 Abs. 285) is determinative of the decision in this case.

2. The Supreme Court held therein that a sudden and violent jerk followed by prostration of persons upon the car floor and other commotion in the car was sufficient to carry the case to the jury. In other words that it was not a mere characterization of the words "sudden and violent jerk", but in describing the result following such a jerk were all elements to go to the jury.

3. If the jury had found that there was not a sudden and violent jerk that precipitated the plaintiff to the door, the question might have been different, but having found as they did, and in the light of the Hunt case, this court cannot interfere with the verdict.

Judgment affirmed.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Squire, Sanders & Dempsey for Company; Nicola & Horn for Adornetto; all of Cleveland.